

SEP 15 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

9/15/78

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE GARRISON DIVERSION UNIT   )   DOCKET NO. 348
LITIGATION                      )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of two actions pending in two districts, one each in the District of the District of Columbia and the District of North Dakota.

Both actions involve the Garrison Diversion Unit (Garrison), a federal water project presently structured by Congress to provide irrigation service to 250,000 acres in North Dakota. The project is also designed to provide several recreational areas, water service for fourteen cities and towns, and a 146,530 acre wildlife plan to mitigate wildlife habitat losses resulting from project construction.

---

\*   Judge Caffrey took no part in the decision of this matter.

The District of Columbia action was brought in May, 1976, by the National Audubon Society, Inc. (Audubon) against the Secretary of the U. S. Department of Interior and the Commissioner of the U. S. Bureau of Reclamation. The State of North Dakota and the Garrison Diversion Conservancy District (the District) have intervened as defendants. Audubon seeks a halt to further construction on Garrison claiming that defendants have violated the National Environmental Policy Act, the Migratory Bird Treaty, the Migratory Bird Treaty Act, and the Fish and Wildlife Coordination Act.

On May 11, 1977, Audubon and the federal defendants in the District of Columbia action entered into a stipulation under which the United States, with minor exceptions, agreed to cease further construction and development of Garrison pending completion of a comprehensive supplementary environmental impact statement. Upon court approval of the stipulation, all pending motions and responses thereto were withdrawn without prejudice, but the pleadings remained filed. The signatories agreed not to take any action to attempt to nullify the stipulation, but nothing in their agreement precluded any party from taking any position relevant to Garrison as deemed appropriate. In the event any portion of the agreement became unenforceable, was violated,

or was nullified, "the other party" could abrogate the entire agreement or any portion of it. North Dakota and the District expressly declined to be parties to the stipulation.

Apparently in response to the stipulation in the District of Columbia action, North Dakota and the District filed an action in North Dakota state court on June 16, 1977. That action was subsequently removed to the District of North Dakota. The Secretary of the U. S. Department of Interior, the Commissioner of the U. S. Bureau of Reclamation, the Project Manager of Garrison, and the Director of the U. S. Office of Management and Budget are defendants in the North Dakota action. These defendants are charged with 1) violating, inter alia, the Flood Control Act of 1944, the Garrison Diversion Unit Reauthorization Act of August 5, 1965, and the Congressional Budget and Impoundment Act of 1974; and 2) breach of various contracts entered into in connection with the project.

Pursuant to 28 U.S.C. §1407, the United States moves the Panel to transfer the North Dakota action to the District of the District of Columbia for coordinated or consolidated pretrial proceedings with the action pending there. Audubon supports the United States' motion. North Dakota and the District oppose transfer.[1]

---

[1] All parties waived oral argument and, therefore, this matter was submitted for decision on the basis of the papers filed. See Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion.

The United States relies on the Panel's decision in In re Cross-Florida Barge Canal Litigation, 329 F. Supp 543 (J.P.M.L. 1971), to demonstrate the presence of common questions of fact sufficient to justify transfer in the present litigation. In the Florida litigation, the Environmental Defense Fund brought an action in the District of the District of Columbia challenging a canal project on grounds of non-compliance with the National Environmental Policy Act and other statutes. Before the court had granted plaintiff a preliminary injunction, the President ordered the suspension of further construction of the Florida canal. The Canal Authority then brought an action in the Middle District of Florida alleging that the Presidential order was void and of no effect and that the President could not override the will of Congress as expressed in the authorization of the canal project. The Panel, in ordering transfer, found that there were "many ecological questions of fact which will be common to both actions." Id. at 544. The United States contends that, as in the Florida litigation, environmental questions will be shared by both actions in the present litigation. Further, the

United States argues that Garrison's statutory authorizations and the facts upon which they are predicated, along with questions surrounding the extent of North Dakota's fulfillment of its contractual obligations, will also be matters common to both actions. The United States thus argues that centralization will be necessary to avoid duplicative discovery.

The United States also raises the prospect of inconsistent orders issued by the two district courts with respect to the construction of Garrison as a further justification for transfer under Section 1407. Similarly, Audubon emphasizes the desirability of having one court determine the effect that the pendency of the North Dakota action has on the stipulation in the District of Columbia action, and vice versa.

We find these arguments unpersuasive. Only two actions are involved here. While we recognize the existence of common questions of fact between these two actions, we note that, in order to justify transfer under Section 1407 when only a minimal number of actions is involved, the movant is under a heavy burden to show that those common questions of fact are sufficiently complex and that the accompanying discovery will be so time-consuming as to further the purposes of Section 1407. See In re Scotch Whiskey Antitrust Litigation, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We rule that movant has not met that burden.

This conclusion is distinguishable from our holding in In re Cross-Florida Barge Canal Litigation, supra, because 1) in that litigation all parties agreed upon the appropriateness of transfer; and 2) more discovery and other pretrial proceedings have occurred in the District of Columbia action now before us than had occurred in either of the actions involved in the prior litigation - for example, all parties in the present litigation agree that extensive discovery by both Audubon and the federal government has occurred in the District of Columbia action, and the parties to that action have filed numerous briefs and voluminous exhibits relating to the merits of the controversy.

Additionally, we observe that suitable alternatives to Section 1407 transfer are available to the parties in this litigation. For example, discovery that has already transpired in the District of Columbia action may be made applicable to the North Dakota action either by agreement of the parties or by any party requesting the North Dakota court to order all parties to show cause why that discovery should not be made applicable. Also, notices for any future depositions could be filed in both actions, thereby making the depositions applicable in each action. See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

Also, consultation and cooperation between the two concerned district courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would be sufficient to minimize the possibility of conflicting pretrial rulings. See In re Texas Instruments, Inc. Employment Practices Litigation, 441 F. Supp. 928, 929 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that the motion for transfer under Section 1407 concerning the actions listed on the following Schedule A be, and the same hereby is, DENIED.

Schedule A                                        Docket No. 348

### DISTRICT OF DISTRICT OF COLUMBIA

National Audubon Society v. Andrus,               Civil Action
et al.                                            No. 76-0943

### DISTRICT OF NORTH DAKOTA

State of North Dakota, et al. v. Andrus           Civil Action
et al.                                            No. A77-1048